107088-7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE No. 22-CV-XXXXXX

ALICIA ASCENCIO,

  Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION,

  Defendant.
_____/

**DEFENDANT, COSTCO WHOLESALE CORPORATION'S
<u>NOTICE OF REMOVAL</u>**

Defendant, COSTCO WHOLESALE CORPORATION ("COSTCO"), by and through its undersigned counsel, hereby files its Notice of Removal to this Court of the above-styled action pursuant to 28 U.S.C. section 1441(b) and 1446(a), and 28 U.S.C. section 1332, and as support thereof, COSTCO avers as follows:

**<u>Factual Background</u>**

1. COSTCO is the sole Defendant in a civil action filed by Plaintiff on July 19, 2022, in the Seventeenth Judicial Circuit in and for Broward County Florida, Case No. 22-010486, which brought a single count of "negligence" against COSTCO. A true and correct copy of all process, and pleadings served upon COSTCO is attached hereto as Composite Exhibit "A" in compliance with 28 U.S.C. section 1447(b).

2. This action involves Plaintiff's alleged personal injuries as a result of her trip and fall over a pallet in COSTCO, on or about August 29, 2021 (hereinafter "subject incident"). (*See generally* Compl., attached hereto as Exhibit "B"). Plaintiff's Complaint was served on COSTCO on July 22, 2022. (*See* Exhibit "A").

3. COSTCO's Notice of Removal has been timely filed within thirty (30) days after receipt by COSTCO of the initial pleading setting forth the claims for relief upon which removal is based. *See* 28 U.S.C. § 1446(b). No further state court proceedings in this litigation have taken place as of the date of this Notice of Removal.

4. This is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. A defendant may remove a state court proceeding to federal court if: (1) the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and (2) the action is between citizens of different states.

## *THE PARTIES ARE COMPLETELY DIVERSE*

5. Plaintiff resides in Broward County, Florida. (*See* Compl. ¶ 2) (stating, "[a]t all times material to this action, Plaintiff was/is a natural person residing in Broward County, Florida."). To be a "citizen" of a state within the meaning of the diversity provision, a natural person must be both a citizen of the United States and a domiciliary of a state. *Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001). In determining domicile, a court should consider both positive evidence and presumptions. *Id.* One such presumption is that the state in which a person resides at any given time is also that person's domicile. *Id.* Therefore, Plaintiff's citizenship in the State of Florida is assumed for diversity purposes. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (explaining that "[c]itizenship is the equivalent to domicile for purposes of diversity jurisdiction.").

6. Costco Wholesale Corporation is a foreign corporation established under the laws of Washington with its principal place of business in the state of Washington. (*See generally* Florida Division of Corporations Detail by Entity Name and Washington State Corporations and Charities Filing System attached hereto as Exhibit "C"). Accordingly, pursuant to 28 U.S.C.

section 1332(c)(1), COSTCO is, and was at the time of the commencement of this action, a citizen of the State of Washington because it is incorporated in Issaquah, Washington and its principal place of business is located in Issaquah, Washington. *See* Exhibit "C".

### *THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED*

7. The amount in controversy exceeds $75,000.00. Although the Complaint merely sets forth the minimal jurisdictional allegations necessary to invoke the jurisdiction of the state trial court, Plaintiff's February 24, 2022 pre-suit demand of the "Medpay policy limits" coupled with evidence Plaintiff's medical costs and future medical surgery associated with the subject incident exceed $113,000.00 produced with the pre-suit demand demonstrates the amount in controversy well-exceeds the sum necessary to invoke the Court's jurisdiction.[1] (*See generally* Pl.'s Demand Letter dated Feb. 24, 2022, Medical Billing Chart, and Surgical Recommendation (attached hereto as Exhibit "D")).

8. Based upon Plaintiff's representations within her demand letter, including total medical expenses to date of $63,034.04, her doctor's opinion Plaintiff "has failed conservative treatment" and "has been recommended to undergo a Right knee arthoscopy medical/lateral

---

[1] A district court may consider a pre-suit demand letter in making its determination regarding satisfaction of the amount-in-controversy requirement. *See AAA Abachman Enters, Inc. v. Stanley Steemer Int'l, Inc.*, 268 F. App'x 864, 866 (11th Cit. 2008) (affirming district court's consideration of pre-suit demand letter on removal in concluding the amount-in-controversy requirement was satisfied); *Lowery v. Ala. Power Co.*, 483 F.2d 1184, 1213-14 (11th Cir. 2007) (district court may consider the notice of removal and accompanying documents when deciding upon a motion to remand); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) (district court may consider evidence outside of the removal petition if the facts existed at the time of the removal); *Summers v. Pier I Imports (U.S.), Inc.*, No. 17-80638-CIV, 2017 WL 7796068, at *2 (S.D. Fla. Aug. 16, 2017) (emphasis added) ("[w]hile a pre-suit demand letter alone may not be determinative of the amount in controversy when it reflects puffing and posturing, *a demand letter that provides specific information to support the plaintiff's claim for damages is entitled to more weight*."); *Katz v. J.C. Penney Corp.*, No. 09-cv-60067, 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) ("Therefore, pre-suit settlement offers and demands may be considered in evaluation whether a case has been properly removed.").

meniscectomy" (at an estimated $50K cost) and that "down the road she will likely need a knee replacement surgery," the amount-in-controversy requirement is clearly established. (Pl.'s Demand Letter dated Feb. 24, 2022, Medical Billing Chart, and Surgical Recommendation at p. 4 and p. 5). Indeed, Plaintiff's own calculations state over $63K in medical bills and costs for treatment as of February 24, 2022 (and which may now — nearly 6 months later — be a greater total), and the recommendation for future surgical procedures is estimated at another $50K, exceeding the amount in controversy before factoring in Plaintiff's other requested categories of economic and non-economic damages. (*See id.*).

9.  To that point, Plaintiff claims injuries to at least her right knee and her Complaint asserts "pain and suffering, disability, disfigurement, permanent and significant scaring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of ability to earn in the future, [and] loss of compensation in the past and future." (*See* Compl. ¶ 20). Based on these claims, and combined with Plaintiff's pre-suit demand, claimed injuries, and purported past and future damages, the amount in controversy is easily satisfied.[2] *Cf. Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cit. 2010) ("[C]ourts

---

[2] While Plaintiff may attempt to allege the "amount claim[ed]" on Plaintiff's State Court Form 1.997 Civil Cover Sheet is "$30,001 - $50,000," such an argument is futile and should not be considered, let alone considered dispositive in determining if the amount in controversy exceeds $75,000. An amount claimed on a Civil Cover Sheet is merely an "estimated amount of the claim" that is "requested for data collection and clerical purposes only." (Form 1.997 Civil Cover Sheet). Further, "[t]he amount of the claim shall not be used for any other purpose." (*Id.*). On its face, the document is not intended to be utilized to establish the amount in controversy. *See Bell v. Ace Ins. Co. of the Midwest*, No. 2:20-CV-309-JLB-NPM, 2020 WL 7396934, at *3 (M.D. Fla. Dec. 17, 2020) ("To give the state civil cover sheet a substantive effect for purposes of the removal statute, as Plaintiffs argue the Court should do, would contravene the Supreme Court of Florida's own rule prohibiting the use of information in the cover sheet for any purpose other than the State's collection of data."); *4649 NW 36 St., LLC v. Scottsdale Ins. Co.,* No. 20-24546-CIV, 2021 WL 883495, at *1 n.1 (S.D. Fla. Feb. 21, 2021*), report and recommendation adopted sub nom.*, *4649 NW St. LLC v. Scottsdale Ins. Co.*, No. 20-24546-CIV, 2021 WL 880074 (S.D. Fla. Mar. 9, 2021) (emphasis added) ("Plaintiff also relied on its Civil Cover Sheet, which identified its estimated

may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."); *Racaniello v. Fresh Mkt., Inc.*, No. 9:14-CV-80960, 2014 WL 12479404, at *2 (S.D. Fla. Oct. 22, 2014) ("When a pre-suit demand letter seeks damages in excess of $75,000, a Plaintiff should provide proof to establish the value of his or her claim is less than $75,000 — proof which disputes the pre-suit demand evidence that *is* in the record."); *see also Molina v. Wal-Mart Stores Tx.*, 535 F. Supp. 2d 805, 806 (W.D. Tex. 2008) (holding customer's pre-suit demand letter alleging damages of $100,000 was sufficient to establish an amount in controversy exceeding $75,000).

10. Consequently, this Court has original jurisdiction over the aforementioned matter pursuant to 28 U.S.C. section 1332, as this action involves: (1) citizens of different states, and (2) an amount in controversy in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

### *THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN COMPLETED BY COSTCO*

11. Pursuant to procedural requirement for removal set forth in 28 U.S.C. section 1446(d), COSTCO will file a Notice of Filing Notice of Removal with the Clerk of Court for the Seventeenth Judicial Circuit, in and for Broward County, Florida, and will provide written notice of this Notice of Removal to all parties via e-service. A copy of the forthcoming Notice of Filing

---

damages as $1,000,000, to argue that removal is untimely. Plaintiff correctly abandoned this argument in its Reply . . . as Defendant was never served with the Civil Cover Sheet . . . and Form 1.997 of the Florida Rules of Civil Procedure specifies that '[t]he estimated amount of the claim [listed in the civil cover sheet] is requested for data collection and *clerical processing purposes only*. The amount of the claim shall not be used for any other purpose.'"). These rulings turn on the logic that if a plaintiff could defeat diversity jurisdiction by merely checking a box less than $75,000.01 on a civil cover sheet (and without any impact or repercussion on the amount the plaintiff could actually seek in the same action), diversity jurisdiction would soon become a dead letter.

is attached hereto. (*See* State Court Notice of Filing Notice of Removal (attached hereto as Exhibit "E")).

12.     As stated above, true and correct copies of all pleadings and service of process filed in the state action are attached hereto as Exhibit "A." *See* 28 U.S.C. section 1447(b).

13.     Venue in this Court is proper pursuant to 28 U.S.C. section 1441(a), as this action is being removed from the state court in which it was originally filed – the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida – to the District Court of the United States for the district and division in which such action is pending, the Southern District of Florida.

WHEREFORE Defendant, COSTCO WHOLESALE CORPORATION, respectfully requests that the above action now pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. CACE-22-010486 be removed therefrom to this Honorable Court because the citizenship of the parties is diverse and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

Respectfully submitted this 22nd day of August 2022,

> */s/ Jason A. Glusman*
> Jason A. Glusman, Esquire
> Florida Bar No. 0419400
> Jglusman@wickersmith.com
> Kaitlin Ann Coyle, Esquire
> Florida Bar No. 1025101
> Kcoyle@wickersmith.com
> WICKER SMITH O'HARA MCCOY & FORD, P.A.
> *Attorneys for Costco Wholesale Corporation*
> 515 E. Las Olas Boulevard
> SunTrust Center, Suite 1400
> Ft. Lauderdale, FL 33301
> Phone: (954) 847-4800
> Fax: (954) 760-9353
> ftlcrtpleadings@wickersmith.com

## **CERTIFICATE OF SERVICE**

      WE HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on August 22nd, 2022, and the foregoing document is being served this day on Daniel Drazen, Esquire, at eservice2@flinjuryfirm.com; via e-mail and through the appropriately-filed Notice of Filing Notice of Removal via Florida e-portal.

                                               */s/ Jason A. Glusman*
                                               Jason A. Glusman, Esquire
                                               Kaitlin Ann Coyle, Esquire