**Wolters Kluwer**

## Service of Process Transmittal Summary

**TO:**    Laura Aznavoorian, Litigation Supervisor
         Gallagher Bassett Services, Inc.
         1901 S. Meyers Rd, Suite 200C
         Oakbrook Terrace, IL 60181

**RE:**    **Process Served in Florida**

**FOR:**   Costco Wholesale Corporation  (Domestic State: WA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: ALICIA ASCENCIO // To: Costco Wholesale Corporation |
| **CASE #:** | CACE22010486 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | C T Corporation System, Plantation, FL |
| **DATE/METHOD OF SERVICE:** | By Process Server on 07/22/2022 at 12:51 |
| **JURISDICTION SERVED:** | Florida |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/22/2022, Expected Purge Date: 08/06/2022 |
| | Image SOP |
| | Email Notification,  Laura Aznavoorian  laura_aznavoorian@gbtpa.com |
| | Email Notification,  Zois Johnston  zjohnston@costco.com |
| | Email Notification,  Maureen Papier  maureen_papier@gbtpa.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 1200 South Pine Island Road |
| | Plantation, FL 33324 |
| | 866-665-5799 |
| | SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                    Fri, Jul 22, 2022
**Server Name:**                         Drop Service

| Entity Served | Costco Wholesale Corporation |
|---|---|
| Case Number | CACE22014086 |
| Jurisdiction | FL |

| Inserts | | |
|---|---|---|
| | | |



Filing # 153585887 E-Filed 07/19/2022 10:01:06 AM     CACE-22-010486

C2SPS1630
7-22-22 12:00PM.

IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

ALICIA ASCENCIO,

       Plaintiff,

                                 CASE NO.:  CACE-22-010486

vs.

COSTCO WHOLESALE CORPORATION,

       Defendant.

_____/

## SUMMONS

THE STATE OF FLORIDA
TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE:

**YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint, in this action on Defendant:

**COSTCO WHOLESALE CORPORATION**
**RA:**
**CT CORPORATION SYSTEM**
**1200 SOUTH PINE ISLAND ROAD**
**PLANTATION, FL 33324**

## IMPORTANT

      A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

      If you choose to file a written response yourself, at the same time you file your written response to the court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named on the following page.

1

**Plaintiff/Plaintiff's Attorney:**

DANIEL DRAZEN, ESQUIRE
THE INJURY FIRM
1608 E. Commercial Blvd.
Fort Lauderdale, Florida 33334
(954) 951-0000

THE STATE OF FLORIDA:

TO EACH SHERIFF OF THE STATE:

You are hereby commanded to serve this Summons and a copy of the Complaint, in this action on Defendant:

DATED: _____JUL 20 2022_____

BRENDA FORMAN
As Clerk of Said Court

By: _____
**BRENDA D. FORMAN**
As Deputy Clerk

2

**IMPORTANTE**

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, usted puede consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presente su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandate o Abogado sel Demanadante)

**IMPORTANT**

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger; vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre response ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

3

Filing # 153556040 E-Filed 07/18/2022 05:12:20 PM

IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

ALICIA ASCENCIO,

                                         CASE NO.:

         Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION,

         Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, the Plaintiff, ALICIA ASCENCIO ("Plaintiff"), by and through her undersigned counsel, and hereby sues Defendant, COSTCO WHOLESALE CORPORATION, and in support thereof, alleges the following:

## GENERAL ALLEGATIONS

1.       This is an action for damages that excess Thirty Thousand Dollars ($30,000.00), exclusive of interest, costs, and attorney's fees.

2.       At all times material to this action, Plaintiff was/is a natural person residing in Broward County, Florida.

3.       At all times material to this action, Defendant, COSTCO WHOLESALE CORPATION, was a was a Foreign Profit Corporation authorized to carry out its operation(s) in Broward County, Florida.

4.      At all times material to this action, Defendant, COSTCO WHOLESALE CORPORATION., maintained agents and/or representatives in Broward County, Florida, for purposes of carrying out its operations.

5.      At all times material to this action, Defendant, COSTCO WHOLESALE CORPORATION, owned, possessed, operated, maintained, and/or controlled the premises located at 1890 S University Drive, Davie, FL 33324, which was open to the public, including the Plaintiff.

6.      On or about August 29, 2021, Plaintiff was lawfully on the premises located at 1890 S University Drive, Davie, FL 33324.

7.      At all times material to this action, Plaintiff was not prohibited from being on the premises located at 1890 S University Drive, Davie, FL 33324.

8.      Venue is proper in Broward County, Florida.

9.      Jurisdiction is proper in Broward County, Florida.

<u>**COUNT I**</u>

<u>**NEGLIGENCE CLAIM AGAINST COSTCO WHOLESALE CORPORATION**</u>

10.     Plaintiff hereby adopts and realleges paragraphs one through nine (1-9) above, as though fully set forth and incorporated herein.

11.     At all times material to this action, the premises located at 1890 S University Drive, Davie, FL 33324, was owned, possessed, operated, maintained, and/or controlled by Defendant, COSTCO WHOLESALE CORPORATION, which was open to the public, including the Plaintiff.

2

12.     On or about August 29, 2021, Plaintiff was lawfully on the premises located at 1890 S University Drive, Davie, FL 33324, which was open to the public, including the Plaintiff.

13.     At all times material to this action, Plaintiff was not prohibited from being on the premises located at 1890 S University Drive, Davie, FL 33324, which was owned, possessed, operated, maintained, and/or controlled by Defendant, COSTCO WHOLESALE CORPORATION, which was open to the public, including the Plaintiff.

14.     On or about August 29, 2021, Plaintiff was an invitee on the premises located at 1890 S University Drive, Davie, FL 33324, which was owned, possessed, operated, maintained, and/or controlled by Defendant, COSTCO WHOLESALE CORPORATION, which was open to the public, including the Plaintiff.

15.     At all times material to this action, Defendant, COSTCO WHOLESALE CORPORATION, owed a duty to the Plaintiff to maintain the premises located at 1890 S University Drive, Davie, FL 33324, in a reasonably safe condition.

16.     At all times material to this action, Defendant, COSTCO WHOLESALE CORPORATION, owed a duty to the Plaintiff to correct any dangerous conditions on the premises located at 1890 S University Drive, Davie, FL 33324, about which Defendant COSTCO WHOLESALE CORPORATION, either knew or should have known, by the use of reasonable care.

17.     At all times material to this action, Defendant, COSTCO WHOLESALE CORPORATION, owed a duty to the Plaintiff to warn of any dangerous conditions on the premises located at 1890 S University Drive, Davie, FL 33324, about which Defendant, COSTCO WHOLESALE CORPORATION, had, or should have had, knowledge greater than that of Plaintiff.

3

18.     Notwithstanding, Defendant, COSTCO WHOLESALE CORPORATION, breached its duties owed to the Plaintiff in one or more of the following ways:

a.     Negligently failing to maintain the premises in a reasonably safe condition by permitting a pallet of product to be displayed in the middle of an aisle, thus creating a dangerous condition for Plaintiff;

b.     Negligently failing to maintain the premises in a reasonably safe condition by failing to warn of the pallet of product being displayed in the middle of an aisle, thus creating a dangerous condition for Plaintiff;

c.     Negligently failing to inspect or adequately inspect the premises to ensure it was in a reasonably safe condition, thus creating a dangerous condition for Plaintiff; and

d.     Negligently failing to devise and/or implement policies and procedures or adequate policies and procedures for purposes of evaluating and assessing whether the premises were maintained in a reasonably safe condition, thus creating a dangerous condition for Plaintiff.

19.     As a result, while Plaintiff was walking down the aisle, while lawfully on the premises, she tripped and fell over a pallet of product being displayed in the middle of the aisle, sustaining losses, injuries, and damages.

20.     As a direct and proximate result Defendant, COSTCO WHOLESALE CORPORATION'S negligence, Plaintiff suffered bodily injury in and about her body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of ability to earn in the future, loss

4

of compensation in the past and future, and aggravation of previously existing condition(s). These losses are either permanent or continuing in nature and the Plaintiff will continue to suffer such losses in the future.

WHEREFORE, Plaintiff, ALICIA ASCENCIO, demands judgment for all damages against Defendant, COSTCO WHOLESALE CORPORATION, in excess of Thirty Thousand Dollars ($30,000.00), as well as taxable costs, expert fees, and for any and all further relief this Honorable Court deems just and proper under the circumstances. Plaintiff hereby demands a trial by jury.

DATED this 18TH day of July 2022.

**[SIGNATURE BLOCK ON FOLLOWING PAGE]**

5

Respectfully Submitted,

**THE INJURY FIRM**
By: /s/ Daniel Drazen
DANIEL DRAZEN, ESQUIRE
Fla. Bar No. 115454
1608 E. Commercial Blvd.
Fort Lauderdale, FL 33334
Telephone: 954-951-0000
Fax Number:  954-951-1000
Primary Email: eservice2@flinjuryfirm.com

*Attorney for Plaintiff*

Case Number: CACE-22-010486 Division: 08

Filing # 153556040 E-Filed 07/18/2022 05:12:20 PM

## FORM 1.997.    CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u>  JUDICIAL CIRCUIT, IN AND FOR <u>BROWARD</u>  COUNTY, FLORIDA

<u>Alicia Ascencio</u>
Plaintiff

Case # _____
Judge _____

vs.

<u>Costco Wholesale Corporation</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐  $8,000 or less
- ☐  $8,001 - $30,000
- ☒  $30,001- $50,000
- ☐  $50,001- $75,000
- ☐  $75,001 - $100,000
- ☐  over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☒ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

### COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.     REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.     NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   1

**VI.     IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.     HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.     IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.     DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Daniel Drazen          Fla. Bar # 115454
      Attorney or party                   (Bar # if attorney)

Daniel Drazen             07/18/2022
 (type or print name)             Date

Filing # 153556040 E-Filed 07/18/2022 05:12:20 PM

IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

ALICIA ASCENCIO,

                                     CASE NO.:

      Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION,

      Defendant.

_____/

## **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT, COSTCO WHOLESALE CORPORATION**

      COMES NOW, Plaintiff, ALICIA ASCENCIO, by and through her undersigned counsel, and pursuant to Florida Rule of Civil Procedure 1.350, hereby requests the Defendant, COSTCO WHOLESALE CORPORATION, to produce at the office of the undersigned counsel within thirty (30) days from the date of service hereof, all documents and/or materials and/or things in the possession, custody, and control of the Defendant that are responsive to the Requests contained in the numbered paragraphs below:

### **INSTRUCTIONS**

      A.     These Requests are continuing in character so as to require you to promptly serve amended and/or supplemental responses if you, your agents, representatives and/or attorneys obtain additional and/or different documents, materials and/or information before and/or after this lawsuit was filed, but before trial.

      B.     Unless otherwise stated, these Requests refer to the time, place and circumstances of the incident mentioned or complained of in the Complaint.

      C.     You are required, in responding to any Request, to obtain and furnish all documents, materials and/or information available to you, your agents and representatives as defined herein, and to obtain and furnish all documents, materials and/or information that is in your possession, custody or control, or in and/or under the possession, custody or control of your agents and representatives as defined herein.  When producing physical documents and materials, they shall be produced as they are covered in the usual course of business or you shall organize and label them to correspond with the categories in the Request.

1

D.     Each request which seeks information relating in any way to communications, to, from, or within an entity or between persons, is hereby designated to demand, and should be construed to include all communications by and between the identified entities and persons, including, but not limited to, their agents and representatives as defined herein.

E.     Each Request should be responded to separately. However, any documents and/or materials that are in response to more than one request may, if the relevant portion is marked or indexed, be produced and referred to in a later response.

F.     The documents and/or materials produced in response to any Request shall include all attachments and enclosures. All documents and/or materials produced in response to any Request shall also be produced *in total* notwithstanding the fact that portions thereof may contain information not requested.

G.     All documents and/or materials produced shall be segregated and identified by the paragraphs to which they are primarily responsive. Where required by a particular paragraph of any Request, documents and/or materials produced shall be further segregated and identified as indicated in this paragraph. For any documents and/or materials that are stored or maintained in files in the usual course of business, such documents or materials shall be produced in such files, or in such a manner as to preserve and identify the file from which such documents or materials were taken.

H.     Where the name and identity of an entity is required, including, but not limited to, a governmental entity, corporate entity, limited liability company, partnership, sole proprietor, please state the following information: (1) official name of the entity, including the names to which that entity otherwise accepts and/or holds itself out as being referred; (2) its principal place of business; and (3) primary telephone number.

I.     Where the name and identity of a person is required, please state the following information: (1) person's full name (with Middle Initial); (2) primary residential address, if known; (3) business address, if known; (4) primary telephone number; (5) official title, position, designation and rank within the entity so identified, including the timeframe such person was employed and/or positioned with the entity; (6) job function and/or responsibilities; and (7) place of current employment, if known.

J.     Where identification of a document and/or material is requested, please set forth the following information: (1) the type of document or material (e.g. letter, memorandum, hand-written note, facsimile, e-mail, photograph, recording, etc.); (2) its date of origin or creation; (3) its author and addressee; (4) its last known custodian or location(s); and (5) a brief description of its subject matter and size. In lieu of identifying any documents and/or materials, you may attach a copy of it to your answer, indicating the Interrogatory to which it is responsive.

K.     If a portion of an otherwise responsive document and/or material contains information that is subject to a claim of privilege or immunity, only those portions of the document or material subject to the claim of privilege or immunity shall be deleted or redacted from the document or material, and the rest of the document or material shall be produced.

L.      If any documents and/or materials covered by any Request are withheld by reason of a claim of privilege, immunity or other ground for non-production, a list is to be furnished at the time that the documents or materials are produced identifying each such document and/or material for which the privilege is claimed, together with the following information: (1) the type of document or material (e.g. letter, memorandum, hand-written note, facsimile, e-mail, photograph, recording, etc.); (2) its date of origin or creation; (3) its author and addressee; (4) its last known custodian or locations; and (5) a brief description of its subject matter and size (without revealing the relevant information for which privilege or statutory authority is claimed); and (6) Factual and/or legal basis for claim, privilege or specific statutory or regulatory authority that provides the claimed ground for non-production.

M.      Each request to produce a document and/or material shall be deemed to call for the production of the original document and/or material to the extent that they are in, or subject to, directly or in directly, the possession, custody or control of the party to whom this request is addressed.  In addition, each Request should be considered as including a request for separate production of all copies and, to the extent applicable, preliminary drafts of documents and/or materials that differ in any respect from the original or final draft or from each other (e.g. by reason of differences in form or content or by reason of handwritten notes or comments having been added to one copy of a document and/or material, but not on the original or other copies thereof).

N.      In the event that any documents and/or materials called for by any Requests have been destroyed, lost, discarded or otherwise disposed of, each such document or material is to be identified as completely as possible, including, without limitation, the following information: (1) the type of document or material (e.g. letter, memorandum, hand-written note, facsimile, e-mail, photograph, recording, etc.); (2) its date of origin or creation; (3) its author and addressee; (4) its last known custodian or locations; and (5) a brief description of its subject matter and size (without revealing the relevant information for which privilege or statutory authority is claimed); and (6) Factual and/or legal basis for claim, privilege or specific statutory or regulatory authority that provides the claimed ground for non-production.

O.      All objections to any category of documents and/or materials to be produced pursuant to any Request or to any definition or instruction they contain, such shall be in writing and delivered to Plaintiff's counsel within the time provided in the Florida Rules of Civil Procedure or at such time as is agreed upon by the parties or ordered by the Court.

P.      Where exact information cannot be furnished, estimated information is to be supplied to the extent possible.  Where estimation is used, it should be so indicated, and an explanation should be given as to the basis on which the statement was made and the reason exact information cannot be furnished.

Q.      With respect to any documents and/or materials requested which was once in your possession, custody or control, or the Defendant's possession, custody or control, or in and/or under the possession, custody or control of your agents and representatives as defined herein, but no longer is, please indicate the date and the manner in which the document or material ceased to be in you possession, custody or control or in and/or under the possession, custody or control of your agents and representatives as defined herein, and identify the present custodian in

3

accordance with Instruction I and Instruction J, where applicable.

## DEFINITIONS

1.      "Plaintiff" or "Plaintiff's" means ALICIA ASCENCIO, her agents, representatives, including Legal Counsel, or as "agent(s)" and "representative(s)" are otherwise defined herein.

2.      "Defendant" or "Defendant's" or "You" or "Your" means , its agents and/or representatives, workmen, servicemen and/or employees authorized to act or purporting to act on its behalf, including Defendant's Legal Counsel, or as "agent(s)" and "representative(s)" are otherwise defined herein.

3.      "Agent(s)" and "Representative(s)" as used herein with regard to a person or entity means, and includes, each and every present and former director, officer, partner, manager, supervisor, workmen, servicemen, employee, agent, investigator, independent consultant, expert, licensed professional, as well as all other persons (including attorneys), such as friends, relatives and spouses, acting or purporting to act, on behalf of the person and/or entity identified in response to these Interrogatories or otherwise indicated.

4.      "Communication(s)" shall mean any transmission of information by any means, including, without limitation, by spoken language, electronic transmission of data or any other means. "Communication(s)" shall mean all inquiries; discussions; conversations; negotiations; agreements; understandings; meetings; telephone conversations; letters; correspondence; notes; telegrams; telexes; advertisements; facsimiles; e-mail; text messages; or other forms of verbal and/or communicative intercourse, further including, without limitation, any copies of written information received by the person or entity responding to this request, even if such person or entity is not the primary or direct addressee of such written information.

5.      "Document" or "Documents" or "Material or "Materials" is used in the broadest sense and shall mean all written or graphic matter of every kind or description, as well as any other medium by which information is stored and/or recorded, however, produced and/or reproduced by any physical, mechanical or electronic process, or written and/or produced by hand, and including computer tapes (including backup tapes) and all other computer-related documents, whether draft or final, original or reproduction, signed or unsigned, sealed or unsealed, and regardless of whether approved, signed, sealed, sent, received, redrafted, amended, supplemented or executed, including, but not limited to: written communications; letters; correspondence; facsimiles; e-mail; telegrams; memoranda; notes; interoffice communications; minutes; lists of persons attending any meetings and/or conferences; records and/or memoranda of telephone conversations; diaries; desk calendars; films; written statements; transcripts and/or recorded statements; taped recordings, of any type; records of personal conversations or interviews; comments of any kind appearing on any documents or materials; contracts; agreements; reports and/or summaries of any investigation; inspection and/or examination; police reports; accident reports; opinions and/or conclusions and/or reports of any consultants; studies; calculations; computations; drawings; schematics; diagrams; specifications; advertisements; circulars; trade letters; press releases; prints; recordings; photographs (black/white and color); slides, positive and/or negative films; microfiche; magnetic and/or video

4

tapes; computer tapes; cards and/or printouts; purchase and/or sales orders; bills; invoices; receipts; checks; checkbooks; canceled checks; requisitions or documents and/or materials similar to any of the foregoing, however denominated, by whomever prepared, and to whomever addressed, which are in your possession, custody or control or to which you have had or can obtain access. This includes any and all containers, boxes or other receptacles or repositories housing or containing such "Document(s)" or "Material(s)."

6.      "Evidence" means the available body of facts or information indicating whether a belief or proposition is true or valid.

7.      "Legal Counsel" or "Counsel" shall mean all agents and/or representatives providing legal services.

8.      "Person" means a natural person, governmental entity, corporate entity, firm, association, partnership, organization, enterprise, conglomerate, foundation, institute, society, group, body, union, party or other form of legal or business entity, public or private, including, but not limited to, all subsidiaries of the same.

9.      "Proof" means evidence or argument establishing or helping to establish a fact or the truth of a statement.

10.     "Referring" or "relating" shall mean showing, disclosing, averting to, comprising, evidencing, constituting or reviewing.

11.     All singular words shall include the plural and the plural shall include the singular. The words "and" and "or" shall be both conjunctive and disjunctive. The word "all" means any and all. The word "any" means any and all. The word "including" means including, without limitation and/or not limited to. All other words have its plain and ordinary meaning.

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

## DOCUMENTS TO BE PRODUCED
### (Please follow all Instructions outlined above)

1.     Electronic copies of any and all certified insurance policies insuring You at all times material to the alleged incident referred to in the Complaint.

2.     Electronic copies of any and all documents and/or materials in relation to any post-purchase and/or post-acquisition commercial inspection(s) and/or appraisal(s) in relation to the business establishment that is the subject of this litigation.

3.     Electronic copies of any and all photographs (color if available, otherwise black & white) in relation to the business establishment that is the subject of this litigation, taken on the date of the alleged incident referred to in the Complaint.

4.     Electronic copies of any and all photographs (color if available, otherwise black & white) in relation to the business establishment that is the subject of this litigation, taken five (5) years prior to the date of the alleged incident referred to in the Complaint.

5.     Electronic copies of any and all photographs (color if available, otherwise black & white) in relation to the business establishment that is the subject of this litigation, taken five (5) years after the date of the alleged incident referred to in the Complaint.

6.     Electronic copies of any and all video recordings (color if available, otherwise black & white) in relation to the business establishment that is the subject of this litigation, recorded on the date of the alleged incident referred to in the Complaint.

7.     Electronic copies of any and all video recordings depicting incidents similar in nature to this case (color if available, otherwise black & white) in relation to Your business establishment that is the subject of this litigation, recorded five (5) years prior to the date of the alleged incident referred to in the Complaint.

8.     Electronic copies of any and all video recordings depicting incidents similar in nature to this case (color if available, otherwise black & white) in relation to the business establishment that is the subject of this litigation, recorded up to five (5) years after the date of the alleged incident referred to in the Complaint.

9.     Electronic copies of any and all scene illustrations (color if available, otherwise black & white) in relation to the business establishment that is the subject of this litigation, prepared on the date of the alleged incident referred to in the Complaint.

10.     Electronic copies of any and all scene illustrations depicting incidents similar in nature to this case (color if available, otherwise black & white) in relation to business establishment that is the subject of this litigation, prepared five (5) years prior to the date of the alleged incident referred to in the Complaint.

1

11.     Electronic copies of any and all scene illustrations depicting incidents similar in nature to this case (color if available, otherwise black & white) in relation to the business establishment that is the subject of this litigation, prepared up to five (5) years after the date of the alleged incident referred to in the Complaint.

12.     Electronic copies of any and all handbooks, manuals, and guidebooks/guidelines detailing the policies and procedures You, Your Agents and/or Representatives shall undertake to protect the safety and welfare of Your customers and/or patrons at the business establishment that is the subject of this litigation.

13.     Electronic copies of any and all handbooks, manuals, and guidebooks/guidelines detailing the policies and procedures You, Your Agents and/or Representatives shall undertake to maintain in a reasonably safe condition the business establishment that is the subject of this litigation.

14.     Electronic copies of any and all handbooks, manuals, and guidebooks/guidelines detailing the policies and procedures You, Your Agents and/or Representatives shall undertake to warn Your customers and/or patrons of any concealed dangers at the business establishment that is the subject of this litigation.

15.     Electronic copies of any and all handbooks, manuals, and guidebooks/guidelines detailing the policies and procedures You, Your Agents and/or Representatives shall undertake to correct any concealed dangers You, Your Agents and/or Representatives either knew or should have known in the location where the incident occurred that is the subject of this litigation.

16.     Electronic copies of any and all handbooks, and guidebooks/guidelines manuals detailing the policies and procedures You, Your Agents and/or Representatives shall undertake to ensure there are no hazardous condition in the location where the incident occurred that is the subject of this litigation.

17.     Electronic copies of any and all handbooks, manuals, and guidebooks/guidelines detailing the policies and procedures You, Your Agents and/or Representatives shall undertake to ensure there are no other types of hazardous condition in the location where the incident occurred that is the subject of this litigation.

18.     Electronic copies of any and all handbooks, manuals, and guidebooks/guidelines detailing the policies and procedures You, Your Agents and/or Representatives shall undertake following actual notice of a hazardous condition in the location where the incident occurred that is the subject of this litigation.

19.     Electronic copies of any and all handbooks, manuals, and guidebooks/guidelines detailing the policies and procedures You, Your Agents and/or Representatives shall undertake for purposes of cleaning in the location where the incident occurred that is the subject of this litigation.

20.     Electronic copies of any and all documents and/or materials disputing the date of the alleged incident referred to in the Complaint.

2

21.     Electronic copies of any and all documents and/or materials demonstrating the Plaintiff was prohibited from entering the business establishment that is the subject of this litigation, on the date of the alleged incident referred to in the Complaint.

22.     Electronic copies of any and all documents and/or materials demonstrating the Plaintiff entered the business establishment that is the subject of this litigation, for her sole convenience on the date of the alleged incident referred to in the Complaint.

23.     Electronic copies of any and all documents and/or materials demonstrating the Plaintiff remained inside the business establishment that is the subject of this litigation, for an unreasonable amount of time prior to the alleged incident referred to in the Complaint.

24.     Electronic copies of any and all documents and/or materials demonstrating the Plaintiff did not trip and fall over the pallet of product being displayed in the middle of an aisle in the business establishment that is the subject of this litigation, on the date of the alleged incident referred to in the Complaint.

25.     Electronic copies of any and all documents and/or materials regarding all efforts made by You, Your Agents and/or Representatives to remove hazardous condition of the business establishment that is the subject of this litigation, on the date of the alleged incident referred to in the Complaint.

26.     Electronic copies of any and all documents and/or materials regarding all efforts made by You, Your Agents and/or Representatives to warn all customers of any hazardous condition in the middle of the aisle of the business establishment that is the subject of this litigation, on the date of the alleged incident referred to in the Complaint.

27.     Electronic copies of any and all documents and/or materials evidencing any statement(s) taken of any witness(es) to the alleged incident referred to in the Complaint.

28.     Electronic copies of any and all documents and/or materials evidencing any report(s) detailing the alleged incident referred to in the Complaint.

29.     Electronic copies of any and all documents and/or materials evidencing communications by and between You, Your Agents and/or Representatives and the Plaintiff, her Agents and/or Representatives, in relation to the alleged incident referred to in the Complaint.

30.     Electronic copies of any and all documents and/or materials evidencing communications by and between You, Your Agents and/or Representatives and Your insurance agent, in relation to the alleged incident referred to in the Complaint.

31.     Electronic copies of any and all documents and/or materials evidencing communications by and between You, Your Agents and/or Representatives and any third party, his/her/their/its Agents and/or Representatives, in relation to the alleged incident referred to in the Complaint.

3

32.    Electronic copies of any and all contracts signed and/or entered into by You in relation to maintaining in a reasonable safe condition the business establishment that is the subject of this litigation.

33.    Electronic copies of any and all contracts signed and/or entered into by You in relation to warning Your customers and/or patrons of any concealed dangers at the business establishment that is the subject of this litigation.

34.    Electronic copies of any and all documents and/or materials evidencing any and all work authorizations in relation to the business establishment that is the subject of this litigation.

35.    Electronic copies of any and all documents and/or materials evidencing any and all work orders/change orders in relation to the business establishment that is the subject of this litigation.

36.    Electronic copies of any and all documents and/or materials evidencing any and all certificates of completion or certificates of satisfaction in relation to the business establishment that is the subject of this litigation.

37.    Electronic copies of any and all documents and/or materials evidencing alleged repairs, remodeling, renovations, modifications, improvements, additions, installations, restoration, rebuilding, construction, and reconstruction in relation to the business establishment that is the subject of this litigation, including, but not limited to, copies of any and all photographs (color if available, otherwise black & white), video recordings (color if available, otherwise black & white), scene illustrations (color if available, otherwise black & white), reports, testing analyses, estimates, proposals, invoices, contracts, written agreements, subcontracts, blueprints, drawings, sketches, schematics, and inventories, since the purchase and/or acquisition of the above-referenced property to the present date.

38.    Electronic copies of any and all documents and/or materials evidencing alleged repairs, remodeling, renovations, modifications, improvements, additions, installations, restoration, rebuilding, construction, and reconstruction in relation to the business establishment that is the subject of this litigation, including, but not limited to, copies of any and all photographs (color if available, otherwise black & white), video recordings (color if available, otherwise black & white), scene illustrations (color if available, otherwise black & white), reports, testing analyses, estimates, proposals, invoices, contracts, written agreements, subcontracts, blueprints, drawings, sketches, schematics, and inventories on the date of the alleged incident referred to in the Complaint.

4

39.     Electronic copies of any and all documents and/or materials evidencing any other events in relation to incidents similar in nature to this case on the date of the incident, August 29, 2021, in regard to the business establishment that is the subject of this litigation, on the date of the alleged incident referred to in the Complaint, including, but not limited to, copies of any and all photographs (color if available, otherwise black & white), video recordings (color if available, otherwise black & white), scene illustrations (color if available, otherwise black & white), reports, testing analyses, estimates, proposals, invoices, contracts, written agreements, subcontracts, blueprints, drawings, sketches, schematics, inventories, cancelled checks, bank statements/records, credit card slips, credit card statements/records, wire transfers, money orders, purchase orders, ledgers, and any form of communications regarding said prior property insurance claims.

40.     Electronic copies of any and all documents and/or materials evidencing any prior events in relation to incidents similar in nature to this case in regard to the business establishment that is the subject of this litigation, including, but not limited to, copies of any and all photographs (color if available, otherwise black & white), video recordings (color if available, otherwise black & white), scene illustrations (color if available, otherwise black & white), reports, testing analyses, estimates, proposals, invoices, contracts, written agreements, subcontracts, blueprints, drawings, sketches, schematics, inventories, cancelled checks, bank statements/records, credit card slips, credit card statements/records, wire transfers, money orders, purchase orders, ledgers, and any form of communications regarding said prior property insurance claims.

41.     Electronic copies of any and all documents and/or materials evidencing any subsequent events in relation to incidents similar in nature to this case in regard to the business establishment that is the subject of this litigation, including, but not limited to, copies of any and all photographs (color if available, otherwise black & white), video recordings (color if available, otherwise black & white), scene illustrations (color if available, otherwise black & white), reports, testing analyses, estimates, proposals, invoices, contracts, written agreements, subcontracts, blueprints, drawings, sketches, schematics, inventories, cancelled checks, bank statements/records, credit card slips, credit card statements/records, wire transfers, money orders, purchase orders, ledgers, and any form of communications regarding said prior property insurance claims.

42.     Electronic copies of any and all documents and/or materials evidencing expenses incurred by You, Your Agents and/or Representatives in relation to the alleged incident referred to in the Complaint in regard to the business establishment that is the subject of this litigation, including, but not limited to, copies of any and all photographs (color if available, otherwise black & white), video recordings (color if available, otherwise black & white), scene illustrations (color if available, otherwise black & white), reports, testing analyses, estimates, proposals, invoices, contracts, written agreements, subcontracts, blueprints, drawings, sketches, schematics, inventories, cancelled checks, bank statements/records, credit card slips, credit card statements/records, wire transfers, money orders, purchase orders, ledgers, and any form of communications regarding said prior property insurance claims.

43.     Electronic copies of any and all documents and/or materials evidencing expenses incurred by You, Your Agents and/or Representatives concerning any prior events in relation to incidents similar in nature to this case in regard to the business establishment that is the subject of this litigation, including, but not limited to, copies of any and all photographs (color if available, otherwise black & white), video recordings (color if available, otherwise black & white), scene illustrations (color if available, otherwise black & white), reports, testing analyses, estimates, proposals, invoices, contracts, written agreements, subcontracts, blueprints, drawings, sketches, schematics, inventories, cancelled checks, bank statements/records, credit card slips, credit card statements/records, wire transfers, money orders, purchase orders, ledgers, and any form of communications regarding said prior property insurance claims.

44.     Electronic copies of any and all documents and/or materials evidencing expenses incurred by You, Your Agents and/or Representatives concerning any subsequent events in relation to incidents similar in nature to this case in regard to the business establishment that is the subject of this litigation, including, but not limited to, copies of any and all photographs (color if available, otherwise black & white), video recordings (color if available, otherwise black & white), scene illustrations (color if available, otherwise black & white), reports, testing analyses, estimates, proposals, invoices, contracts, written agreements, subcontracts, blueprints, drawings, sketches, schematics, inventories, cancelled checks, bank statements/records, credit card slips, credit card statements/records, wire transfers, money orders, purchase orders, ledgers, and any form of communications regarding said prior property insurance claims.

45.     Electronic copies of any and all documents and/or materials evidencing the alleged incident referred to in the Complaint was beyond the control of You, Your Agents and/or Representatives.

46.     Electronic copies of any and all documents and/or materials evidencing the Plaintiff's action(s) or inaction(s) was a contributing and/or the sole proximate legal cause of the injuries and damages in relation to the alleged incident referred to in the Complaint.

47.     Electronic copies of any and all documents and/or materials evidencing the Plaintiff failed to mitigate her damages in relation to the alleged incident referred to in the Complaint.

48.     Electronic copies of any and all documents and/or materials evidencing the Plaintiff knew or should have known of any potential hazards and/or dangers giving rise to the alleged incident referred to in the Complaint.

49.     Electronic copies of any and all documents and/or materials evidencing the Plaintiff's damages and injuries were the result of independent, superseding, and/or intervening causes over which You, Your Agents and/or Representatives had no control.

50.     Electronic copies of any and all documents and/or materials evidencing You, Your Agents and/or Representatives had insufficient notice, whether constructive or actual, in relation to the alleged incident referred to in the Complaint.

6

51.     Electronic copies of any and all documents and/or materials evidencing You, Your Agents and/or Representatives maintained, inspected, and supervised the business establishment that is the subject of this litigation, in a reasonable and adequate manner on the date of the alleged incident referred to in the Complaint.

52.     Electronic copies of any and all documents and/or materials evidencing the Plaintiff's injuries are not related to the alleged incident referred to in the Complaint.

53.     Electronic copies of any and all documents and/or materials evidencing the Plaintiff's injuries are the result of a pre-existing condition.

54.     Electronic copies of any and all documents and/or materials evidencing the services rendered to the Plaintiff in relation to the alleged incident referred to in the Complaint were not medically necessary.

55.     Electronic copies of any and all documents and/or materials evidencing the Plaintiff's medicals bills are unreasonable.

56.     In regard to the Plaintiff's Standard First Set of Interrogatories to Defendant, specifically Interrogatory Number Two (2), produce electronic copies of any and all documents and/or materials that You base Your verified answer(s).

57.     In regard to the Plaintiff's Standard First Set of Interrogatories to Defendant, specifically Interrogatory Number Three (3), produce electronic copies of any and all documents and/or materials that You base Your verified answer(s).

58.     In regard to the Plaintiff's Standard First Set of Interrogatories to Defendant, specifically Interrogatory Number Four (4), produce electronic copies of any and all documents and/or materials that You base Your verified answer(s).

59.     In regard to the Plaintiff's Standard First Set of Interrogatories to Defendant, specifically Interrogatory Number Five (5), produce electronic copies of any and all documents and/or materials that You base Your verified answer(s).

60.     In regard to the Plaintiff's Standard First Set of Interrogatories to Defendant, specifically Interrogatory Number Six (6), produce electronic copies of any and all documents and/or materials that You base Your verified answer(s).

61.     In regard to the Plaintiff's Standard First Set of Interrogatories to Defendant, specifically Interrogatory Number Seven (7), produce electronic copies of any and all documents and/or materials that You base Your verified answer(s).

62.     In regard to the Plaintiff's Standard First Set of Interrogatories to Defendant, specifically Interrogatory Number Eight (8), produce electronic copies of any and all documents and/or materials that You base Your verified answer(s).

63.     In regard to the Plaintiff's Standard First Set of Interrogatories to Defendant, specifically Interrogatory Number Nine (9), produce electronic copies of any and all documents and/or materials that You base Your verified answer(s).

64.     In regard to the Plaintiff's Standard First Set of Interrogatories to Defendant, specifically Interrogatory Number Ten (10), produce electronic copies of any and all documents and/or materials that You base Your verified answer(s).

65.     In regard to the Plaintiff's Standard First Set of Interrogatories to Defendant, specifically Interrogatory Number Eleven (11), produce electronic copies of any and all documents and/or materials that You base Your verified answer(s).

66.     In regard to the Plaintiff's Standard First Set of Interrogatories to Defendant, specifically Interrogatory Number Twelve (12), produce electronic copies of any and all documents and/or materials that You base Your verified answer(s).

67.     In regard to the Plaintiff's Standard First Set of Interrogatories to Defendant, specifically Interrogatory Number Thirteen (13), produce electronic copies of any and all documents and/or materials that You base Your verified answer(s).

68.     In regard to the Plaintiff's Standard First Set of Interrogatories to Defendant, specifically Interrogatory Number Fourteen (14), produce electronic copies of any and all documents and/or materials that You base Your verified answer(s).

69.     In regard to the Plaintiff's Standard First Set of Interrogatories to Defendant, specifically Interrogatory Number Fifteen (15), produce electronic copies of any and all documents and/or materials that You base Your verified answer(s).

70.     In regard to the Plaintiff's Non-Standard Second Set of Interrogatories to Defendant, specifically Interrogatory Number Two (2), produce electronic copies of any and all documents and/or materials that You base Your verified answer(s).

71.     In regard to the Plaintiff's Non-Standard Second Set of Interrogatories to Defendant, specifically Interrogatory Number Three (3), produce electronic copies of any and all documents and/or materials that You base Your verified answer(s).

72.     In regard to the Plaintiff's Non-Standard Second Set of Interrogatories to Defendant, specifically Interrogatory Number Four (4), produce electronic copies of any and all documents and/or materials that You base Your verified answer(s).

73.     In regard to the Plaintiff's Non-Standard Second Set of Interrogatories to Defendant, specifically Interrogatory Number Five (5), produce electronic copies of any and all documents and/or materials that You base Your verified answer(s).

74.     In regard to the Plaintiff's Non-Standard Second Set of Interrogatories to Defendant, specifically Interrogatory Number Six (6), produce electronic copies of any and all documents and/or materials that You base Your verified answer(s).

75.     In regard to the Plaintiff's Standard Non-Standard Second Set of Interrogatories to Defendant, specifically Interrogatory Number Seven (7), produce electronic copies of any and all documents and/or materials that You base Your verified answer(s).

76.     In regard to the Plaintiff's Non-Standard Second Set of Interrogatories to Defendant, specifically Interrogatory Number Eight (8), produce electronic copies of any and all documents and/or materials that You base Your verified answer(s).

77.     In regard to the Plaintiff's Non-Standard Second Set of Interrogatories to Defendant, specifically Interrogatory Number Nine (9), produce electronic copies of any and all documents and/or materials that You base Your verified answer(s).

78.     In regard to the Plaintiff's Non-Standard Second Set of Interrogatories to Defendant, specifically Interrogatory Number Ten (10), produce electronic copies of any and all documents and/or materials that You base Your verified answer(s).

79.     In regard to the Plaintiff's Non-Standard Second Set of Interrogatories to Defendant, specifically Interrogatory Number Eleven (11), produce electronic copies of any and all documents and/or materials that You base Your verified answer(s).

80.     In regard to the Plaintiff's Non-Standard Second Set of Interrogatories to Defendant, specifically Interrogatory Number Twelve (12), produce electronic copies of any and all documents and/or materials that You base Your verified answer(s).

81.     In regard to the Plaintiff's Non-Standard Second Set of Interrogatories to Defendant, specifically Interrogatory Number Thirteen (13), produce electronic copies of any and all documents and/or materials that You base Your verified answer(s).

82.     In regard to the Plaintiff's Non-Standard Second Set of Interrogatories to Defendant, specifically Interrogatory Number Fourteen (14), produce electronic copies of any and all documents and/or materials that You base Your verified answer(s).

83.     In regard to the Plaintiff's Non-Standard Second Set of Interrogatories to Defendant, specifically Interrogatory Number Fifteen (15), produce electronic copies of any and all documents and/or materials that You base Your verified answer(s).

84.     Electronic copies of any and all documents and/or materials evidencing any attempt or consideration made by You or anyone else pertaining to the sale or potential sale of the business establishment that is the subject of this litigation, over the past ten (10) years.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished together with the Summons and Complaint and Demand for Jury Trial.

**THE INJURY FIRM**

/s/ Daniel Drazen
Daniel Drazen, Esq.
Florida Bar No.: 115454
Primary E-Mail Service Address:
Eservice2@flinjuryfirm.com
Secondary E-Mail Service Address:
records@flinjuryfirm.com
Tertiary E-Mail Service Address:
dan@flinjuryfirm.com
1608 East Commercial Boulevard
Fort Lauderdale, Florida 33334
Tel.: (954) 951-0000
Fax: (954) 951-1000
*Counsel for Plaintiff*

10

Filing # 153556040 E-Filed 07/18/2022 05:12:20 PM

IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

ALICIA ASCENCIO,

                             CASE NO.:

        Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION,

        Defendant.

_____/

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT, COSTCO WHOLESALE CORPORATION

        COMES NOW, Plaintiff, ALICIA ASCENCIO ("Plaintiff"), by and through her undersigned counsel, and pursuant to Florida Rule of Civil Procedure 1.370, hereby requests the Defendant, COSTCO WHOLESALE CORPORATION ("Defendant"), to admit or deny in writing within forty-five (45) days from the date of service hereof, the following:

### INSTRUCTIONS

        Unless otherwise stated, these Requests refer to the time, place and circumstances of the incident mentioned or complained of in the Complaint.

### DEFINITIONS

        1.     "Plaintiff" or "Plaintiff's" means ALICIA ASCENCIO, her agents, representatives, including Legal Counsel, or as "agent(s)" and "representative(s)" are otherwise defined herein.

        2.     "Defendant" or "Defendant's" or "You" or "Your" means COSTCO WHOLESALE CORPORATION its agents and/or representatives, workmen, servicemen and/or employees authorized to act or purporting to act on its behalf, including Defendant's Legal Counsel, or as "agent(s)" and "representative(s)" are otherwise defined herein.

        3.     "Agent(s)" and "Representative(s)" as used herein with regard to a person or entity means, and includes, each and every present and former director, officer, partner, manager, supervisor, workmen, servicemen, employee, agent, investigator, independent consultant, expert, licensed professional, as well as all other persons (including attorneys), such as friends,

1

relatives and spouses, acting or purporting to act, on behalf of the person and/or entity identified in response to these Interrogatories or otherwise indicated.

## REQUEST FOR ADMISSIONS TO DEFENDANT

1.      Admit that at all times material to the alleged incident referred to in the Complaint, the nature of the Defendant's business establishment located at 1890 S University Drive, Davie, FL 33324 is in retail sales (i.e. goods).

2.      Admit that at all times material to the alleged incident referred to in the Complaint, the purchase of goods sold at the Defendant's business establishment located at 1890 S University Drive, Davie, FL 33324 benefits the Defendant.

3.      Admit that at all times material to the alleged incident referred to in the Complaint, Plaintiff was permitted to enter the Defendant's business establishment located at 1890 S University Drive, Davie, FL 33324 to purchase goods.

4.      Admit that at all times material to the alleged incident referred to in the Complaint, Plaintiff was not prohibited from entering into the Defendant's business establishment located at 1890 S University Drive, Davie, FL 33324.

5.      Admit that at all times material to the alleged incident referred to in the Complaint, Defendant had a duty to maintain its business establishment located at 1890 S University Drive, Davie, FL 33324 in a reasonably safe condition.

6.      Admit that at all times material to the alleged incident referred to in the Complaint, Defendant had a duty to correct any dangerous condition(s) in its business establishment located at 1890 S University Drive, Davie, FL 33324 about which the Defendant either knew or should have known, by the use of reasonable care.

7.      Admit that at all times material to the alleged incident referred to in the Complaint, Defendant had a duty to warn its customers of any dangerous condition(s) in its

2

business establishment located at 1890 S University Drive, Davie, FL 33324 about which the Defendant had or either should have had, knowledge greater than its customers, including the Plaintiff.

8.      Admit that one (1) hour immediately prior to the alleged incident referred to in the Complaint, Defendant did not inspect the area of the store where the alleged incident occurred.

9.      Admit that one (1) hour immediately prior to the alleged incident referred to in the Complaint, Defendant inspected the area of the store where the alleged incident occurred.

10.     Admit that on August 29, 2021, Plaintiff tripped and fell at the Defendant's business establishment located at 1890 S University Drive, Davie, FL 33324 due to a pallet of product being displayed in the middle of an aisle.

11.     Admit that following the alleged incident referred to in the Complaint at the Defendant's business establishment located at 1890 S University Drive, Davie, FL 33324, Defendant clear or moved away the pallet of product being displayed in the middle of the aisle where the alleged incident occurred.

12.     Admit that following the alleged incident referred to in the Complaint at the Defendant's business establishment located at 1890 S University Drive, Davie, FL 33324, Defendant did not clear or move away the pallet of product being displayed in the middle of the aisle where the alleged incident occurred.

13.     Admit the Defendant took written or recorded witness statement(s) following the alleged incident referred to in the Complaint.

14.     Admit the Defendant did not take any written or recorded witness statement(s) following the alleged incident referred to in the Complaint.

3

15.    Admit the Defendant has a video recording of the alleged incident referred to in the Complaint.

16.    Admit the Defendant does not have a video recording of the alleged incident referred to in the Complaint.

17.    Admit that following the alleged incident referred to in the Complaint at the Defendant's business establishment located at 1890 S University Drive, Davie, FL 33324, Defendant wrote a report detailing the incident.

18.    Admit that following the alleged incident referred to in the Complaint at the Defendant's business establishment located at 1890 S University Drive, Davie, FL 33324, Defendant did not write a report detailing the incident.

19.    Admit the Defendant maintains a written document (e.g. handbook, manual, guidebook, etc.) detailing the policies and procedures the Defendant's business establishment located at 1890 S University Drive, Davie, FL 33324 shall undertake to protect the safety and welfare of its customers.

20.    Admit the Defendant does not maintain a written document (e.g. handbook, manual, guidebook, etc.) detailing the policies and procedures the Defendant's business establishment located at 1890 S University Drive, Davie, FL 33324 shall undertake to protect the safety and welfare of its customers.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished together with the Summons and Complaint and Demand for Jury Trial.

**THE INJURY FIRM**

/s/ Daniel Drazen
Daniel Drazen, Esq.
Florida Bar No.: 115454
Primary E-Mail Service Address:
Eservice2@flinjuryfirm.com
Secondary E-Mail Service Address:
records@flinjuryfirm.com
Tertiary E-Mail Service Address:
dan@flinjuryfirm.com
1608 East Commercial Boulevard
Fort Lauderdale, Florida 33334
Tel.: (954) 951-0000
Fax: (954) 951-1000
*Counsel for Plaintiff*

Filing # 153556040 E-Filed 07/18/2022 05:12:20 PM

.

IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

ALICIA ASCENCIO,

                                 CASE NO.:

       Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION,

       Defendant.

_____/

### PLAINTIFF'S NOTICE OF SERVICE OF STANDARD FIRST SET OF INTERROGATORIES TO DEFENDANT, COSTCO WHOLESALE CORPORATION

**COMES NOW** the Plaintiff, ALICIA ASCENCIO, by and through counsel, and propounds the attached Interrogatories upon Defendant, COSTCO WHOLESALE CORPORATION (hereinafter "Defendant"), to be answered under oath within thirty (30) days in accordance with the applicable Florida Rules of Civil Procedure.

**I HEREBY CERTIFY** that the original Notice of Service of Interrogatories was served against the Defendant, COSTCO WHOLESALE CORPORATION, with the Summons and Complaint.

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

1

**THE INJURY FIRM**
/s/ Daniel Drazen
Daniel Drazen, Esq.
Florida Bar No.: 115454
Primary E-Mail Service Address:
Eservice2@flinjuryfirm.com
Secondary E-Mail Service Address:
records@flinjuryfirm.com
Tertiary E-Mail Service Address:
dan@flinjuryfirm.com
1608 East Commercial Boulevard
Fort Lauderdale, Florida 33334
Tel.: (954) 951-0000
Fax: (954) 951-1000
*Counsel for Plaintiff*

2

## PLAINTIFF'S STANDARD FIRST SET OF INTERROGATORIES TO DEFENDANT

In accordance with Florida Rule of Civil Procedure 1.340 and Appendix I – Standard Interrogatories Forms, Plaintiff, ALICIA ASCENCIO, by and through her counsel, propounds her Standard First Set of Interrogatories to Defendant, COSTCO WHOLESALE CORPORATION, who is requested to answer within thirty (30) days from the date of service hereof, in writing and under oath, and to insert said answers upon the copy served and serve copies on all counsel of record.

## INSTRUCTIONS

A.      These Interrogatories are continuing in character so as to require you to promptly serve amended and/or supplemental answers if you, your agents, representatives and/or attorneys obtain additional and/or different information and/or documents and/or materials before and/or after this lawsuit was filed, but before trial.

B.      Unless otherwise stated, these Interrogatories refer to the time, place and circumstances of the incident(s) and/or occurrence(s) giving rise to this action.

C.      Where the name and identity of an entity is required, including, but not limited to, a governmental entity, corporate entity, limited liability company, partnership, sole proprietor, please state the following information: (1) official name of the entity, including the names to which that entity otherwise accepts and/or holds itself out as being referred; (2) its principal place of business; and (3) primary telephone number.

D.      Where the name and identity of a person is required, please state the following information: (1) person's full name (with Middle Initial); (2) primary residential address, if known; (3) business address, if known; (4) primary telephone number; (5) official title, position, designation and rank within the entity so identified, including the timeframe such person was employed and/or positioned with the entity; (6) job function and/or responsibilities; and (7) place of current employment, if known.

E.      Where identification of any documents and/or materials is requested, please set forth the following information: (1) the type of document or material (e.g. letter, memorandum, hand-written note, facsimile, e-mail, photograph, recording, etc.); (2) its date of origin or creation; (3) its author and addressee; (4) its last known custodian or location(s); and (5) a brief description of its subject matter and size. In lieu of identifying any document(s) or material(s), you may attach a copy of it to your answer, indicating the Interrogatory to which it is responsive.

F.      Where knowledge of information in possession of a party and/or person is requested, such request includes knowledge of the party's and/or person's agents and/or representatives as defined herein, and unless privileged, the party's and/or person's counsel.

3

When answer is made by an entity or person, provide the information requested as outlined under Instruction C and Instruction D, respectively, and announce the source of its/his/her information.

G.    If you produce any documents and/or materials in lieu of answering any Interrogatory, you are instructed either to produce document(s) and/or material(s) as they are kept in the usual course of business or to produce the documents and/or materials organized and labeled to correspond with the categories in these Interrogatories.  Documents and/or materials are to be produced in full and unexpurgated form.

H.    If any documents and/or materials covered by any Interrogatory are withheld by reason of a claim of privilege, immunity or other ground for non-production, a list is to be furnished at the time that the documents and/or materials are produced identifying each such document and/or material for which the privilege is claimed, together with the following information: (1) the type of document or material (e.g. letter, memorandum, hand-written note, facsimile, e-mail, photograph, recording, etc.); (2) its date of origin or creation; (3) its author and addressee; (4) its last known custodian or locations; and (5) a brief description of its subject matter and size (without revealing the relevant information for which privilege or statutory authority is claimed); and (6) factual and/or legal basis for claim, privilege or specific statutory or regulatory authority that provides the claimed ground for non-production.

I.    If a portion of an otherwise responsive document and/or material contains information that is subject to a claim of privilege or immunity, only those portions of the document(s) and/or material(s) subject to the claim of privilege or immunity shall be deleted or redacted from the documents and/or materials and the rest of the documents and/or materials shall be produced in its complete unaltered form.

J.    In the event that any document and/or material called for by any Interrogatory has been destroyed, lost, discarded or otherwise disposed of, each such document and/or material is to be identified as completely as possible, including, without limitation, the following information: (1) the type of document and/or material (e.g. letter, memorandum, hand-written note, facsimile, e-mail, photograph, recording, etc.); (2) its date of origin or creation; (3) its author and addressee; (4) its last known custodian or locations; and (5) a brief description of its subject matter and size (without revealing the relevant information for which privilege or statutory authority is claimed); and (6) the reason(s) why or the facts surrounding how said document and/or material has been destroyed, lost, discarded or otherwise disposed of.

K.    All objections to any category of documents and/or materials to be produced pursuant to these Interrogatories or to any definition or Instruction they contain, shall be in writing and delivered to Plaintiff's counsel within the time provided in the Florida Rules of Civil Procedure or at such time as is agreed upon by the parties or ordered by the Court.

## DEFINITIONS

1.    "Plaintiff" or "Plaintiff's" means ALICIA ASCENCIO, her agents, representatives, including Legal Counsel, or as "agent(s)" and "representative(s)" are otherwise defined herein.

4

2.     "Defendant" or "Defendant's" or "You" or "Your" means COSTCO WHOLESALE CORPORATION, its agents and/or representatives, workmen, servicemen and/or employees authorized to act or purporting to act on its behalf, including Defendant's Legal Counsel, or as "agent(s)" and "representative(s)" are otherwise defined herein.

3.     "Agent(s)" and "Representative(s)" as used herein with regard to a person or entity means, and includes, each and every present and former director, officer, partner, manager, supervisor, workmen, servicemen, employee, agent, investigator, independent consultant, expert, licensed professional, as well as all other persons (including attorneys), such as friends, relatives and spouses, acting or purporting to act, on behalf of the person and/or entity identified in response to these Interrogatories or otherwise indicated.

4.     "Communication(s)" shall mean any transmission of information by any means, including, without limitation, by spoken language, electronic transmission of data or any other means. "Communication(s)" shall mean all inquiries; discussions; conversations; negotiations; agreements; understandings; meetings; telephone conversations; letters; correspondence; notes; telegrams; telexes; advertisements; facsimiles; e-mail; text messages; or other forms of verbal and/or communicative intercourse, further including, without limitation, any copies of written information received by the person or entity responding to this request, even if such person or entity is not the primary or direct addressee of such written information.

5.     "Document" or "Documents" or "Material or "Materials" is used in the broadest sense and shall mean all written or graphic matter of every kind or description, as well as any other medium by which information is stored and/or recorded, however, produced and/or reproduced by any physical, mechanical or electronic process, or written and/or produced by hand, and including computer tapes (including backup tapes) and all other computer-related documents, whether draft or final, original or reproduction, signed or unsigned, sealed or unsealed, and regardless of whether approved, signed, sealed, sent, received, redrafted, amended, supplemented or executed, including, but not limited to: written communications; letters; correspondence; facsimiles; e-mail; telegrams; memoranda; notes; interoffice communications; minutes; lists of persons attending any meetings and/or conferences; records and/or memoranda of telephone conversations; diaries; desk calendars; films; written statements; transcripts and/or recorded statements; taped recordings, of any type; records of personal conversations or interviews; comments of any kind appearing on any documents or materials; contracts; agreements; reports and/or summaries of any investigation; inspection and/or examination; police reports; accident reports; opinions and/or conclusions and/or reports of any consultants; studies; calculations; computations; drawings; schematics; diagrams; specifications; advertisements; circulars; trade letters; press releases; prints; recordings; photographs (black/white and color); slides, positive and/or negative films; microfiche; magnetic and/or video tapes; computer tapes; cards and/or printouts; purchase and/or sales orders; bills; invoices; receipts; checks; checkbooks; canceled checks; requisitions or documents and/or materials similar to any of the foregoing, however denominated, by whomever prepared, and to whomever addressed, which are in your possession, custody or control or to which you have had or can obtain access. This includes any and all containers, boxes or other receptacles or repositories housing or containing such "Document(s)" or "Material(s)."

5

6.      "Evidence" means the available body of facts or information indicating whether a belief or proposition is true or valid.

7.      "Legal Counsel" or "Counsel" shall mean all agents and/or representatives providing legal services.

8.      "Person" means a natural person, governmental entity, corporate entity, firm, association, partnership, organization, enterprise, conglomerate, foundation, institute, society, group, body, union, party or other form of legal or business entity, public or private, including, but not limited to, all subsidiaries of the same.

9.      "Proof" means evidence or argument establishing or helping to establish a fact or the truth of a statement.

10.     "Referring" or "relating" shall mean showing, disclosing, averting to, comprising, evidencing, constituting or reviewing.

11.     All singular words shall include the plural and the plural shall include the singular.  The words "and" and "or" shall be both conjunctive and disjunctive.  The word "all" means any and all.  The word "any" means any and all.  The word "including" means including, without limitation and/or not limited to.  All other words have its plain and ordinary meaning.

## PLAINTIFF'S STANDARD FIRST SET OF INTERROGATORIES TO DEFENDANT

      1.     What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

      **ANSWER**:

      2.     Describe any and all policies of insurance which You contend cover or may cover You for the allegations set forth in Plaintiff's Complaint, detailing as to such policies the name of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

      **ANSWER**:

      3.     Describe in detail how the incident described in the Complaint happened, including all actions taken by You to prevent the incident.

      **ANSWER**:

1

4.      Describe in detail each act or omission on the part of any party to this lawsuit that You contend constituted negligence that was a contributing legal cause of the incident in question.

**ANSWER**:

5.      State the facts upon which You rely for each affirmative defense in Your answer.

**ANSWER**:

6.      Do You contend any person or entity other than You is, or may be, liable in whole or part for the claims asserted against You in this lawsuit?  If so, state the full name and address of each such person or entity, the legal basis for Your contention, the facts or evidence upon which Your contention is based, and whether or not You have notified each such person or entity of Your contention.

**ANSWER**:

2

Case 0:22-cv-61557-BB   Document 1-1   Entered on FLSD Docket 08/22/2022   Page 43 of 62


7.     Were You charged with any violation of law (including any regulations or ordinances) arising out of the incident described in the Complaint?  If so, what was the nature of the charge; what plea or answer, if any, did You enter to the charge; what court or agency heard the charge; was any written report prepared by anyone regarding the charge, and, if so, what is the name and address of the person or entity who prepared the report; do You have a copy of the report; and was the testimony at any trial, hearing, or other proceeding on the charge recorded in any manner, and, if so, what is the name and address of the person who recorded the testimony?

**ANSWER**:

8.     List the names and addresses of all persons who are believed or known by You, Your agents, or Your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

**ANSWER**:

9.     Have You heard or do You know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit?  If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

**ANSWER**

10.     State the name and address of every person known to You, Your agents, or Your attorneys who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, audio recording, visual recording, audiovisual recording, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

**ANSWER**:

11.     Do You intend to call any expert witnesses at the trial of this case?  If so, state as to each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

**ANSWER**:

12.     Have You made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case?  If so, state the terms of the agreement and the parties to it.

**ANSWER**:

13.     Please state if You have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and, if so, state whether You were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

**ANSWER**:

**COSTCO WHOLESALE CORPORATION**

Print Name: _____

Signature: _____

STATE OF FLORIDA

COUNTY OF _____

      Sworn to (or affirmed) and subscribed before me by means of ☐ physical presence or ☐

online notarization, this _____, day of _____, 2022, by COSTCO

WHOLESALE CORPORATION, and who after being duly sworn, deposes and says that he/she

has read the foregoing Answers to Interrogatories and states that the same to be true and correct

to the best of his/her knowledge and belief.

      _____ Personally Known OR _____ Produced Identification

      Type of Identification Produced _____

                                       _____

                                     NOTARY PUBLIC
                                     State of Florida at Large
                                     My Commission Expires:
                                     My Commission Number:

(Official seal or stamp)

Filing # 153556040 E-Filed 07/18/2022 05:12:20 PM

IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

ALICIA ASCENCIO,

        CASE NO.:

    Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION,

    Defendant.

_____/

**PLAINTIFF'S NOTICE OF SERVICE OF NON-STANDARD SECOND SET
INTERROGATORIES TO DEFENDANT, COSTCO WHOLESALE CORPORARATION**

      **COMES NOW** the Plaintiff, ALICIA ASCENCIO, by and through counsel, and

propounds the attached Second Set of Interrogatories upon Defendant, COSTCO WHOLESALE

CORPORATION (hereinafter "Defendant"), to be answered under oath within thirty (30) days in

accordance with the applicable Florida Rules of Civil Procedure.

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

1

**I HEREBY CERTIFY** that the original Notice of Service of Interrogatories was served against the Defendant, COSTCO WHOLESALE CORPORATION, with the Summons and Complaint.

**THE INJURY FIRM**

/s/ Daniel Drazen
Daniel Drazen, Esq.
Florida Bar No.: 115454
Primary E-Mail Service Address:
Eservice2@flinjuryfirm.com
Secondary E-Mail Service Address:
records@flinjuryfirm.com
Tertiary E-Mail Service Address:
dan@flinjuryfirm.com
1608 East Commercial Boulevard
Fort Lauderdale, Florida 33334
Tel.: (954) 951-0000
Fax: (954) 951-1000
*Counsel for Plaintiff*

## PLAINTIFF'S NON-STANDARD SECOND SET
## OF INTERROGATORIES TO DEFENDANT, COSTCO WHOLESALE
## CORPORATION

In accordance with Florida Rule of Civil Procedure 1.340, Plaintiff, ALICIA ASCENCIO, by and through her counsel, propounds her Non-Standard Second Set of Interrogatories to Defendant, COSTCO WHOLESALE CORPORATION, who is requested to answer within thirty (30) days from the date of service hereof, in writing and under oath, and to insert said answers upon the copy served and serve copies on all counsel of record.

### INSTRUCTIONS

A.      These Interrogatories are continuing in character so as to require you to promptly serve amended and/or supplemental answers if you, your agents, representatives and/or attorneys obtain additional and/or different information and/or documents and/or materials before and/or after this lawsuit was filed, but before trial.

B.      Unless otherwise stated, these Interrogatories refer to the time, place and circumstances of the incident(s) and/or occurrence(s) giving rise to this action.

C.      Where the name and identity of an entity is required, including, but not limited to, a governmental entity, corporate entity, limited liability company, partnership, sole proprietor, please state the following information: (1) official name of the entity, including the names to which that entity otherwise accepts and/or holds itself out as being referred; (2) its principal place of business; and (3) primary telephone number.

D.      Where the name and identity of a person is required, please state the following information: (1) person's full name (with Middle Initial); (2) primary residential address, if known; (3) business address, if known; (4) primary telephone number; (5) official title, position, designation and rank within the entity so identified, including the timeframe such person was employed and/or positioned with the entity; (6) job function and/or responsibilities; and (7) place of current employment, if known.

E.      Where identification of any documents and/or materials is requested, please set forth the following information: (1) the type of document or material (e.g. letter, memorandum, hand-written note, facsimile, e-mail, photograph, recording, etc.); (2) its date of origin or creation; (3) its author and addressee; (4) its last known custodian or location(s); and (5) a brief description of its subject matter and size. In lieu of identifying any document(s) or material(s), you may attach a copy of it to your answer, indicating the Interrogatory to which it is responsive.

F.      Where knowledge of information in possession of a party and/or person is requested, such request includes knowledge of the party's and/or person's agents and/or

3

representatives as defined herein, and unless privileged, the party's and/or person's counsel. When answer is made by an entity or person, provide the information requested as outlined under Instruction C and Instruction D, respectively, and announce the source of its/his/her information.

G.      If you produce any documents and/or materials in lieu of answering any Interrogatory, you are instructed either to produce document(s) and/or material(s) as they are kept in the usual course of business or to produce the documents and/or materials organized and labeled to correspond with the categories in these Interrogatories.  Documents and/or materials are to be produced in full and unexpurgated form.

H.      If any documents and/or materials covered by any Interrogatory are withheld by reason of a claim of privilege, immunity or other ground for non-production, a list is to be furnished at the time that the documents and/or materials are produced identifying each such document and/or material for which the privilege is claimed, together with the following information: (1) the type of document or material (e.g. letter, memorandum, hand-written note, facsimile, e-mail, photograph, recording, etc.); (2) its date of origin or creation; (3) its author and addressee; (4) its last known custodian or locations; and (5) a brief description of its subject matter and size (without revealing the relevant information for which privilege or statutory authority is claimed); and (6) factual and/or legal basis for claim, privilege or specific statutory or regulatory authority that provides the claimed ground for non-production.

I.      If a portion of an otherwise responsive document and/or material contains information that is subject to a claim of privilege or immunity, only those portions of the document(s) and/or material(s) subject to the claim of privilege or immunity shall be deleted or redacted from the documents and/or materials and the rest of the documents and/or materials shall be produced in its complete unaltered form.

J.      In the event that any document and/or material called for by any Interrogatory has been destroyed, lost, discarded or otherwise disposed of, each such document and/or material is to be identified as completely as possible, including, without limitation, the following information: (1) the type of document and/or material (e.g. letter, memorandum, hand-written note, facsimile, e-mail, photograph, recording, etc.); (2) its date of origin or creation; (3) its author and addressee; (4) its last known custodian or locations; and (5) a brief description of its subject matter and size (without revealing the relevant information for which privilege or statutory authority is claimed); and (6) the reason(s) why or the facts surrounding how said document and/or material has been destroyed, lost, discarded or otherwise disposed of.

K.      All objections to any category of documents and/or materials to be produced pursuant to these Interrogatories or to any definition or Instruction they contain, shall be in writing and delivered to Plaintiff's counsel within the time provided in the Florida Rules of Civil Procedure or at such time as is agreed upon by the parties or ordered by the Court.

## **DEFINITIONS**

1.      "Plaintiff" or "Plaintiff's" means ALICIA ASCENCIO, her agents, representatives, including Legal Counsel, or as "agent(s)" and "representative(s)" are otherwise defined herein.

4

2.      "Defendant" or "Defendant's" or "You" or "Your" means COSTCO WHOLESALE CORPORATION, its agents and/or representatives, workmen, servicemen and/or employees authorized to act or purporting to act on its behalf, including Defendant's Legal Counsel, or as "agent(s)" and "representative(s)" are otherwise defined herein.

3.      "Agent(s)" and "Representative(s)" as used herein with regard to a person or entity means, and includes, each and every present and former director, officer, partner, manager, supervisor, workmen, servicemen, employee, agent, investigator, independent consultant, expert, licensed professional, as well as all other persons (including attorneys), such as friends, relatives and spouses, acting or purporting to act, on behalf of the person and/or entity identified in response to these Interrogatories or otherwise indicated.

4.      "Communication(s)" shall mean any transmission of information by any means, including, without limitation, by spoken language, electronic transmission of data or any other means. "Communication(s)" shall mean all inquiries; discussions; conversations; negotiations; agreements; understandings; meetings; telephone conversations; letters; correspondence; notes; telegrams; telexes; advertisements; facsimiles; e-mail; text messages; or other forms of verbal and/or communicative intercourse, further including, without limitation, any copies of written information received by the person or entity responding to this request, even if such person or entity is not the primary or direct addressee of such written information.

5.      "Document" or "Documents" or "Material or "Materials" is used in the broadest sense and shall mean all written or graphic matter of every kind or description, as well as any other medium by which information is stored and/or recorded, however, produced and/or reproduced by any physical, mechanical or electronic process, or written and/or produced by hand, and including computer tapes (including backup tapes) and all other computer-related documents, whether draft or final, original or reproduction, signed or unsigned, sealed or unsealed, and regardless of whether approved, signed, sealed, sent, received, redrafted, amended, supplemented or executed, including, but not limited to: written communications; letters; correspondence; facsimiles; e-mail; telegrams; memoranda; notes; interoffice communications; minutes; lists of persons attending any meetings and/or conferences; records and/or memoranda of telephone conversations; diaries; desk calendars; films; written statements; transcripts and/or recorded statements; taped recordings, of any type; records of personal conversations or interviews; comments of any kind appearing on any documents or materials; contracts; agreements; reports and/or summaries of any investigation; inspection and/or examination; police reports; accident reports; opinions and/or conclusions and/or reports of any consultants; studies; calculations; computations; drawings; schematics; diagrams; specifications; advertisements; circulars; trade letters; press releases; prints; recordings; photographs (black/white and color); slides, positive and/or negative films; microfiche; magnetic and/or video tapes; computer tapes; cards and/or printouts; purchase and/or sales orders; bills; invoices; receipts; checks; checkbooks; canceled checks; requisitions or documents and/or materials similar to any of the foregoing, however denominated, by whomever prepared, and to whomever addressed, which are in your possession, custody or control or to which you have had or can obtain access. This includes any and all containers, boxes or other receptacles or repositories housing or containing such "Document(s)" or "Material(s)."

5

6.     "Evidence" means the available body of facts or information indicating whether a belief or proposition is true or valid.

7.     "Legal Counsel" or "Counsel" shall mean all agents and/or representatives providing legal services.

8.     "Person" means a natural person, governmental entity, corporate entity, firm, association, partnership, organization, enterprise, conglomerate, foundation, institute, society, group, body, union, party or other form of legal or business entity, public or private, including, but not limited to, all subsidiaries of the same.

9.     "Proof" means evidence or argument establishing or helping to establish a fact or the truth of a statement.

10.     "Referring" or "relating" shall mean showing, disclosing, averting to, comprising, evidencing, constituting or reviewing.

11.     All singular words shall include the plural and the plural shall include the singular.  The words "and" and "or" shall be both conjunctive and disjunctive.  The word "all" means any and all.  The word "any" means any and all.  The word "including" means including, without limitation and/or not limited to.  All other words have its plain and ordinary meaning.

## PLAINTIFF'S NON-STANDARD SECOND SET
## OF INTERROGATORIES TO DEFENDANT, COSTCO WHOLESALE
## CORPORATION

1.      What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

**ANSWER:**

2.      At the time of the alleged incident referred to in the Complaint, did You have any policies and procedures in place for purposes of protecting the safety and welfare of Your customers and/or patrons while inside your business establishment located at 1890 S University Drive, Davie, FL 33324?  If so, please describe in as much detail as possible, each and every policy and procedure in place; state the date each and every policy and procedure went into effect; identify the individual(s) responsible for ensuring each and every policy and procedure are complied with; and identify the individual(s) responsible for performing each and every policy and procedure.

**ANSWER:**

1

3.      At the time of the alleged incident referred to in the Complaint, did You have any policies and procedures in place for purposes of maintaining in a reasonably safe condition, Your business establishment located at 1890 S University Drive, Davie, FL 33324?  If so, please describe in as much detail as possible, each and every policy and procedure in place; state the date each and every policy and procedure went into effect; identify the individual(s) responsible for ensuring each and every policy and procedure are complied with; and identify the individual(s) responsible for performing each and every policy and procedure.

**ANSWER**:

4.      At the time of the alleged incident referred to in the Complaint, did You have any policies and procedures in place for purposes of warning Your customers and/or patrons of any concealed dangers while inside your business establishment located at 1890 S University Drive, Davie, FL 33324?  If so, please describe in as much detail as possible, each and every policy and procedure in place; state the date each and every policy and procedure went into effect; identify the individual(s) responsible for ensuring each and every policy and procedure are complied with; and identify the individual(s) responsible for performing each and every policy and procedure.

**ANSWER**:

5.      At the time of the alleged incident referred to in the Complaint, did You have any policies and procedures in place for purposes of correcting any concealed dangers inside your business establishment located at 1890 S University Drive, Davie, FL 33324?  If so, please describe in as much detail as possible, each and every policy and procedure in place; state the date each and every policy and procedure went into effect; identify the individual(s) responsible for ensuring each and every policy and procedure are complied with; and identify the individual(s) responsible for performing each and every policy and procedure.

**ANSWER**:

6.      At the time of the alleged incident referred to in the Complaint, did You have any policies and procedures in place for purposes of clearing the floors of any hazardous condition inside your business establishment located at 1890 S University Drive, Davie, FL 33324?  If so, please describe in as much detail as possible, each and every policy and procedure in place; state the date each and every policy and procedure went into effect; identify the individual(s) responsible for ensuring each and every policy and procedure are complied with; and identify the individual(s) responsible for performing each and every policy and procedure.

**ANSWER**:

7.      At the time of the alleged incident referred to in the Complaint, did You have any policies and procedures in place for purposes of preparing incident reports, whether resulting in bodily injuries or not, in relation to Your business establishment located at 1890 S University Drive, Davie, FL 33324?  If so, please describe in as much detail as possible, each and every policy and procedure in place; state the date each and every policy and procedure went into effect; identify the individual(s) responsible for ensuring each and every policy and procedure are complied with; and identify the individual(s) responsible for performing each and every policy and procedure.

**ANSWER**:

8.      For the three-hour time period immediately following the alleged incident referred to in the Complaint, did You, Your Agents and/or Representatives take any action in relation to the alleged incident?  If so, please describe in as much detail as possible each and every action taken by You, Your Agents and/or Representatives in direct relation to the alleged incident; state whether said action(s) taken by You, Your Agents and/or Representatives were in accordance with each and every one of Your business establishment's policies and procedures; and identify each and every individual involved in having taken any action, including on Your behalf.

**ANSWER**:

3

9.      For the preceding five (5) years from the date of the alleged incident referred to in the Complaint, has any customer, patron, and/or Agent and/or Representative ever tripped and fell while inside Your business establishment located at 1890 S University Drive, Davie, FL 33324?  If so, please describe in as much detail as possible, each and every policy and procedure in place; state the date each and every policy and procedure went into effect; identify the individual(s) responsible for ensuring each and every policy and procedure are complied with; and identify the individual(s) responsible for performing each and every policy and procedure.

**ANSWER**:

10.     Is it Your position the Plaintiff did not sustain any bodily injuries in relation to the alleged incident referred to in the Complaint?  If that is not Your position, please identify which, if any, bodily injuries You contend the Plaintiff did not suffer in relation to the alleged incident and describe in as much detail as possible, each and every fact You rely upon in support of Your position herein.  Please also identify all documents and/or materials known to You, Your Agents and/or Representatives, which also supports Your position herein.

**ANSWER**:

11.     Is it Your position that one or more medical services and/or treatment rendered to the Plaintiff in relation to the alleged incident referred to in the Complaint were not medically necessary?  If that is Your position, please identify each medical service and/or treatment rendered to the Plaintiff that You contend was not medically necessary and describe in as much detail as possible, each and every fact You rely upon in support of Your position herein.  Please also identify all documents and/or materials known to You, Your Agents and/or Representatives, which also supports Your position herein.

**ANSWER**:

12.     Is it Your position that one or more charges for medical services and/or treatment rendered to the Plaintiff in relation to the alleged incident referred to in the Complaint were not reasonable?  If that is Your position, please identify each charge for medical services and/or treatment rendered to the Plaintiff that You contend was not reasonable and describe in as much detail as possible, each and every fact You rely upon in support of Your position herein.  Please also identify all documents and/or materials known to You, Your Agents and/or Representatives, which supports Your position herein.

**ANSWER**:

5

**COSTCO WHOLESALE CORPORATION**

Print Name: _____

Signature: _____

STATE OF FLORIDA

COUNTY OF _____

      Sworn to (or affirmed) and subscribed before me by means of ☐ physical presence or ☐ online notarization, this _____, day of _____, 2022, by duly authorized representative of COSTCO WHOLESALE CORPORATION, and who after being duly sworn, deposes and says that he/she has read the foregoing Answers to Interrogatories and states that the same to be true and correct to the best of his/her knowledge and belief.

      _____ Personally Known OR _____ Produced Identification

Type of Identification Produced _____

                                  _____
                                    NOTARY PUBLIC
                                    State of Florida at Large
                                    My Commission Expires:
                                    My Commission Number:

(Official seal or stamp)

Filing # 154021227 E-Filed 07/25/2022 08:15:11 PM

<u>**VERIFIED RETURN OF SERVICE**</u>

| State of Florida | County of Broward | Circuit Court |
|---|---|---|

Case Number: CACE-22-010486

Plaintiff:
**Alicia Ascencio,**

vs.

Defendant:
**Costco Wholesale Corporation,**

For:
Daniel Drazen, Esq.
The Injury Firm
1608 E. Commercial Blvd.
Fort Lauderdale, FL 33334

Received by Christy L. Ramlogan on the 21st day of July, 2022 at 1:52 pm to be served on **Costco Wholesale Corporation RA: CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.**

I, Christy L. Ramlogan, do hereby affirm that on the **22nd day of July, 2022 at 12:00 pm, I:**

**Served** the within named **CORPORATION** by delivering a true copy of the **20-Day Summons & Complaint And Demand For Jury Trial, Civil Cover Sheet, Plaintiff's First Request For Production To Defendant, Plaintiff's First Request For Admissions To Defendant, Plaintiff's Notice Of Service Of Standard First Set Of Interrogatories To Defendant, Plaintiff's Notice Of Service Of Non-Standard Second Set Interrogatories To Defendant** with the date and hour of service endorsed thereon by me to **Tonya M.** as **Intake Specialist** of CT **Corporation System** at **1200 South Pine Island Road, Plantation, FL 33324** who is the **Registered Agent** of the within named corporation, after informing said person of the contents of the matter thereof in compliance with FL State Statutes 48.091.

**Description** of Person Served: Age: 40, Sex: F, Race/Skin Color: Black, Height: 5'9", Weight: 220, Hair: Dark Brown, Glasses: Y

I certify that I am a Special Process Server over the age of eighteen, appointed by the Sheriff's Office in the County in which it was served, that I am in good standing and have no interest in the above action. Under penalties of perjury, I declare that I have read the forgoing Verified return of service and the facts stated in it are true and correct. Pursuant to F.S. 92.525(2), Notary not required. Date: _____ JUL 2 5 2022

**Christy L. Ramlogan**
Special Process Server#1630

**L.R.I. (Process Service & Litigation Support)**
**1011 South Federal Highway**
**2nd Floor**
**Hollywood, FL 33020**
**(954) 944-3900**

Our Job Serial Number: LRA-2022005283

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2i



*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 07/25/2022 08:03:43 PM.****

Filing # 153585887 E-Filed 07/19/2022 10:01:06 AM        CACE-22-010486

IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

ALICIA ASCENCIO,

      Plaintiff,

                            CASE NO.:  CACE-22-010486

vs.

COSTCO WHOLESALE CORPORATION,

      Defendant.

_____/

## SUMMONS

THE STATE OF FLORIDA
TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE:

**YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint, in this action on Defendant:

**COSTCO WHOLESALE CORPORATION
RA:
CT CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324**

## IMPORTANT

      A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

      If you choose to file a written response yourself, at the same time you file your written response to the court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named on the following page.

1

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 07/19/2022 10:01:04 AM.****

**Plaintiff/Plaintiff's Attorney:**

DANIEL DRAZEN, ESQUIRE
THE INJURY FIRM
1608 E. Commercial Blvd.
Fort Lauderdale, Florida 33334
(954) 951-0000

THE STATE OF FLORIDA:

TO EACH SHERIFF OF THE STATE:

You are hereby commanded to serve this Summons and a copy of the Complaint, in this action on Defendant:

DATED: _____JUL 20 2022_____

BRENDA FORMAN
As Clerk of Said Court

By: _____ **BRENDA D. FORMAN**
As Deputy Clerk

2

107088-7

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

ALICIA ASCENCIO,                              CIRCUIT CIVIL DIVISION

    Plaintiff,                              CASE NO. CACE-22-010486

vs.

COSTCO WHOLESALE
CORPORATION,

    Defendant.

_____/

**NOTICE OF APPEARANCE**

PLEASE take notice that Jason A. Glusman, Esquire of the law firm of WICKER SMITH

O'HARA MCCOY & FORD, P.A. enters an appearance in the above-styled case on behalf of

Costco Wholesale Corporation.

WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida
ePortal to: Daniel Drazen, Esquire, eservice2@flinjuryfirm.com ; on this 26th day of July, 2022.

> /s/ Jason A. Glusman
> Jason A. Glusman, Esquire
> Florida Bar No. 0419400
> WICKER SMITH O'HARA MCCOY & FORD, P.A.
> Attorneys for Costco Wholesale Corporation
> 515 E. Las Olas Boulevard
> SunTrust Center, Suite 1400
> Ft. Lauderdale, FL 33301
> Phone: (954) 847-4800
> Fax: (954) 760-9353
> ftlcrtpleadings@wickersmith.com